The People of the State of Illinois, ex rel. Nora Etter, Appellee, v. Harry O. Whittington, Appellant.

1. TRIAL—*validity of agreement to try two causes by same jury. Held*, that the agreement in this case to try a prosecution for seduction and another for bastardy by the same jury, was valid and binding upon the defendant, and that, upon the record, even though

such agreement was not binding, no assignment of error could be necessarily interposed to the manner of proceeding.

2. TRIAL—*how remarks of counsel must be preserved for review.* In order to save for review the propriety of remarks of counsel the same must be shown by the bill of exceptions.

Prosecution under Bastardy Act. Appeal from the County Court of Franklin county; the Hon. THOMAS J. MYERS, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

W. H. HART and T. J. LAYMAN, for appellant.

W. P. SEEBER, for appellee; W. C. BLAIR, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a prosecution under the Bastardy Act, in the County Court of Franklin county, by appellee against appellant. Trial by jury. Verdict in favor of appellee. Judgment on the verdict, the judgment being in accordance with the provisions of the statute. From this judgment appellant has appealed to this court.

The prosecution was instituted on a complaint made by the prosecutrix to a justice of the peace, on the 28th day of November, 1905. Upon return of the warrant, which was not until the 4th day of February, 1907, appellant entered into bond for his appearance at the April term, 1907, of the County Court. Various motions were entered and ruled upon by the court, and continuances granted at the April and May terms of the court; and at the June term there was a trial resulting in the failure of the jury to agree upon a verdict. Nothing that occurred at any or all of these terms is properly involved in this appeal. At the July term by agreement of the parties, the cause was transferred to the law term of the County Court, commencing on the third Monday of August, 1907. On the first day of the August term, the case was, by agreement, set down for trial, August 30th, and on August 28th an agreement was entered into in open court as follows: "By agree-

ment of the parties, plaintiff and defendant, the defendant being present in his own proper person, and attended by his said attorney, W. H. Hart, this cause is to be tried by the same eleven jurors that are now empaneled to try cause No. 92 on the criminal docket against this defendant, Harry O. Whittington, on the charge of seduction, said jury to be governed in their deliberations of this case by the same evidence adduced in that case, No. 92.'' In pursuance to the above noted agreements, the cause came on for trial August 30th. The record is as follows: ''And now on to-wit, Friday, August 30th, A. D. 1907, one of the judicial days of the August term, A. D. 1907, come the People, by W. P. Seeber, State's Attorney, and W. C. Blair, counsel for the people; also come the said defendant, Harry O. Whittington, in his own proper person, attended by W. H. Hart, his attorney, and this cause coming on to be heard before the court and a jury, it was ordered that a jury be called. Whereupon, come the following named eleven jurors, by agreement of the parties, plaintiff and defendant, they being the same eleven jurors that tried this defendant, Harry O. Whittington, on the charge of seduction, cause No. 92 on the Criminal docket, to-wit: J. W. McCormick, S. H. Stockton, Marshal Ragsdale, R. L. Cantrell, W. S. Cockrum, C. E. Johnson, J. A. Turner, Levi Naylor, W. F. Furlow, J. W. Hine and W. S. Elkin, eleven good and lawful men, citizens of the said county of Franklin, who were duly tried, accepted and sworn to well and truly try the issue, is the defendant, Harry O. Whittington, the real father of the bastard child of the prosecutrix, Nora Etter, and a true verdict render according to the evidence. The jury having heard the evidence and received the instructions of the court, retire in charge of sworn officer to consider of their verdict. And now on this day, to-wit, August 30th, A. D. 1907, the said jury having duly considered the cause, return into open court with their verdict as follows: 'We the jury find that the defendant, Harry O. Whit-

tington, is the real father of the bastard child of the prosecutrix, Nora Etter.'"

Counsel for appellant now insist that the trial court erred in submitting this case to the jury after they had returned a verdict of guilty against appellant in the seduction case, and they say: "After the agreement to try the seduction case by the same jury and for them to consider the same evidence in each case, it was error to try the seduction case first and require a verdict before sending them to the jury room to find a verdict in the bastardy case by jurors, all of whom had expressed their opinion and knew all about the case." The first answer to this contention is, that the record does not state the agreement as counsel do. Before the agreement was made the jury had been selected to try the seduction case and had been empaneled to try that case. The agreement was not to try the seduction case by the same jury as this case, but to try this case "by the same eleven jurors that are now empaneled to try cause No. 92 on the criminal docket against this defendant, Harry O. Whittington, on the charge of seduction," being the seduction case.

This was a civil, not a criminal proceeding, and the respective parties are fully bound by their agreement and stipulations with respect to it. And further, after the verdict was returned in the seduction case, in pursuance of the agreement, the same jurors were called in this case, ".by agreement of parties," and "were duly tried, accepted and sworn" to try this case, all without a word of objection or protest. We think there is no merit in counsel's propositions, but however that may be, the state of the record is such that it cannot avail them here. Having failed to object at the time it was too late after verdict.

The complaint meets all the requirements of the statute; the court did not err in any of its rulings with respect thereto; and the affidavits filed in support of appellant's motion for new trial and in arrest of judgment do not disclose such a state of facts as would

have warranted the trial court in granting either of said motions.

Complaint is made of certain statements and remarks claimed to have been made to the jury by one of the attorneys for appellee. It does not appear from the record that the statements and remarks complained of were in fact made. It is true that the bill of exceptions contains an affidavit filed in support of appellant's motion for new trial, and that it is set up in that affidavit that one of plaintiff's attorneys did make the statement and remarks complained of, in his argument before the jury. The fact that the attorney did make such statements and remarks, if it is a fact, is not incorporated in the bill of exceptions as a fact. The bill of exceptions only establishes the fact that an affidavit was filed in which the affiant says such statements and remarks were made. If a party desires to avail on appeal of facts occurring in the presence of the court during a trial and as part of the trial, such facts should be incorporated in the bill of exceptions as facts, to the truth of which the judge certifies.

Counsel complain of the action of the trial court in the giving of certain instructions. The instructions are nineteen in number and appear to have been read to the jury as one series. While few of them are individually perfect, still, when read and considered as a whole, as one series, they state the law applicable to the issues and the evidence most favorably to appellant, and we think there is no error in any one of them that either did or could have misled the jury. The only remaining questions properly raised on this appeal are with respect to the evidence and the weight of it.

Counsel for appellant contend that the evidence is not sufficient to sustain the verdict. At the time of the trial the mother of the child, the prosecutrix, was about eighteen years old. She testified that she had been acquainted with appellant since the spring of

1902, and began to keep company with him in 1903; that she first had sexual intercourse with him about the first part of November, 1904, and after that she had intercourse with him, in December, 1904, and in January, in March, in April about the middle, in the first part of May, in the latter part of July, in August, in September and in October, 1905; that her child was born January 14, 1906; that it was a live, fully matured child when born and was living at the time of the trial, and that she had never been married. She told in detail the places and circumstances connected with each of the acts of intercourse stated. This testimony is corroborated by a letter written to the prosecutrix, by appellant, on May 1, 1905; by his direct statements and admissions, made on at least five different occasions, as testified to by seven or eight witnesses; by his conduct, and by a number of clearly proved circumstances. Appellant denies that he ever did have sexual intercourse with the prosecutrix, and he produces some evidence tending to contradict and impeach her, but, upon the whole evidence, the jury was abundantly warranted in its verdict.

We find no reversible error in this record. The judgment of the County Court is affirmed.

*Affirmed.*